Rudolf F. Haffenreffer, Transferee v. Commissioner.
Haffenreffer v. Commissioner
Docket No. 109770.
United States Tax Court
1943 Tax Ct. Memo LEXIS 413; 1 T.C.M. (CCH) 750; T.C.M. (RIA) 43118; March 9, 1943
*413 Held, under the facts, that petitioner is not liable as transferee of the assets of the Old Colony Storage and Warehouse Company, Inc., for the unpaid taxes due from that corporation. Harold B. Tanner, Esq., and Richard K. Hawes, Esq., 57 N. Main St., Fall River, Mass., for the petitioner. Melvin L. Sears, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The Commissioner proposed to assess against the petitioner as transferee of the assets of the Old Colony Storage and Warehouse Company, Inc., the amount of $15,459.74, with interest, representing income taxes, excess-profits taxes, personal holding company surtaxes, and penalty due from the transferor for the taxable years of 1936 and 1937. The sole issue is the petitioner's liability as a transferee of the assets of the Old Colony Storage and Warehouse Company, Inc. The necessary corollary of this issue is the correct amount of such liability, if any. Findings of Fact Certain facts are stipulated and as so stipulated are adopted as findings of fact. In so far as they are material to the issue, they are substantially as follows: The petitioner is an individual residing in Bristol, Rhode Island. The *414 Old Colony Storage and Warehouse Company, Inc., hereinafter called Storage, filed its tax returns for the years 1936 and 1937 with the Collector of Internal Revenue for the District of Massachusetts. The Commissioner determined deficiencies in taxes due from Storage as follows: Year
Tax
1936
1937
Income tax
$8,052.55
$ 34.14
Excess-profits tax
2,815.05
21.47
Personal Holding Com-
pany surtax
3,629.22
Penalty
907.31
The petitioner does not contest the correctness of the deficiencies so determined. The taxes and penalty have not been paid by Storage. Immediately after the transfer to the petitioner, Storage was insolvent and it has no assets with which to pay the taxes and penalty. The Collector of Internal Revenue has exhausted his remedies against Storage. At the beginning of the year 1933 there were two corporations located in Fall River, Massachusetts, namely, the Old Colony Storage and Warehouse Company, Inc., and the Old Colony Products Company, hereinafter called Products. The capital stock of the former was owned by the petitioner's brother, Adolf F. Haffenreffer (hereinafter sometimes called Adolf) and his family, but none thereof was owned by *415 the petitioner. The petitioner owned approximately three-quarters of the capital stock of the latter company. Products was formed in 1920 and at that time acquired and substantially dismantled the plant of the Old Colony Breweries, Inc., which had ceased business in 1919 because of National Prohibition. In 1933, with the return of legalized beer, a new corporation, Enterprise Brewing Company, hereinafter called Enterprise, was formed under Massachusetts laws and Products sold the brewery property it then owned to Enterprise, receiving therefor all of the then issued common capital stock of Enterprise amounting to 1,750 shares of no par value stock. At that time the brewery property consisted of the land and empty buildings and did not contain machinery or equipment. Adolf F. Haffenreffer, Richard Hawes, and other townspeople of Fall River, Massachusetts, became interested in putting the brewery property held by Enterprise into operation and undertook to raise the necessary capital for Enterprise with the understanding that Products would sell its shares of stock in Enterprise to the nominee of Adolf, who was to be the manager of Enterprise. In December 1935 Products sold its holdings *416 of 1,750 shares of Enterprise stock, payment in the amount of $125,000 therefore being made by a joint and several demand note of Storage and Adolf. Of the 1,750 shares, 875 were transferred to the name of Adolf and 875 to the name of Storage. The note was secured by 1,945 shares of Enterprise common stock, being the 1,750 shares purchased plus 195 shares of additional Enterprise common stock. Other securities enumerated on the back of the note were also pledged as collateral therefor at the time or were added in the years 1936 to 1938, inclusive. During this period a part of the collateral was sold and the proceeds used to reduce the debt. The latest pledge of additional collateral was made on December 20, 1938. Adolf was at no time indebted to Products except on that note. By virtue of the liquidation of Products in 1936 the note and collateral came into the possession of the petitioner. A dispute as to whether there was additional tax due from Storage for the year 1936 had been in existence at least since July 27, 1938, and was pending on December 30, 1938. Storage was advised on July 27, 1938, of the findings of the revenue agent with reference to the existence of a deficiency *417 which ultimately became the basis, in part, for this transferee proceeding. Such findings were contested at least until May 3, 1939. The petitioner had knowledge of a claimed deficiency not later than December 27, 1938. On December 30, 1938, the collateral held by the petitioner as security for the note was as follows: Caldwell Rum
500
shares
Chase National Bank
100
shares
Manufacturers Trust
30
shares
National Tunnel & Mines
(Utah Apex)
40
shares
Irving Trust
100
shares
Muskegan Piston Ring
(Sparta Fdry 40)
29 1/3
shares
Wiggins Term Pfd. 5%
25
shares
Wiggins Term Com
25
shares
Standard Oil of New Jersey
203
shares
U.S. of Brazil 6 1/2s
$ 5,000
face value
Enterprise
Common
2,016
shares
Pfd
403
shares
Income Debenture Bonds
(face)
$20,910.00
Note of A. F. Haffenreffer
(face)
32,655.57 Of this collateral only the following items were pledged by Adolf: Caldwell Rum
500
shares
Chase National Bank
100
shares
Enterprise
Common
1,091
shares
Pfd
218
shares
Income Debenture Bonds
(face)
$11,660.00 The remaining items were pledged by Storage. On December 30, 1938, the sum of $98,875.71 remained unpaid on the note. On December 28, *418 1938, the petitioner wrote the following letter to Adolf, as treasurer of Storage: Pursuant to our recent conversation, I wish to confirm my demand for payment of the joint and several note of Old Colony Storage & Warehouse Co., and yourself, of which I am the holder. In view of the fact that you have represented to me that you have no funds available to take up any portion of this note yourself, and that approximately all the assets of Old Colony Storage & Warehouse Co., Inc. are pledged to me as security for its obligations thereon, and that the company is no longer engaged in profitable business, I am forced to look to the value of the collateral which I hold as the only source of payment of this obligation. I have carefully gone over this collateral, the larger part of which is represented by preferred and common stock and of debentures of Enterprise brewing Company. As you are aware, the market for Enterprise stock is practically nonexistent at the present time and certainly could not absorb a large block such as is pledged on this note. Furthermore, the $ corporation since its formation has paid but one dividend, in December 1936, and for the current year I understand will *419 show a loss. In view of the foregoing and in as much as you desire to wind up the affairs of the Old Colony Storage & Warehouse Co., Inc., without leaving any unpaid debts, I am willing to accept your suggestion that the collateral security held by me be accepted in full discharge of the obligation of the Old Colony Storage & Warehouse Co., Inc., to me. This acceptance is with the understanding that it is to be confirmed by vote of your stockholders and directors. On December 29, 1938, Storage replied that such release of collateral had been authorized in full satisfaction of its obligations on the note held by the petitioner and added the following comment: Further, may I add that the stockholders wish me to express to you their appreciation of the sacrifice entailed in your acceptance of a presently non-marketable block of stock in discharge of a definite money obligation. On December 30, 1938, Storage surrendered to the petitioner all rights which it had in the collateral heretofore set forth and was discharged by the petitioner from all liability on the note then in the amount of $98,875.71. On December 30, 1938, the petitioner applied the collateral aggregating $73,887.82 *420 towards the payment of the note and so notified Storage. On December 30, 1938, the petitioner wrote to Adolf as follows: As the result of the settlement which I have made this day with Old Colony Storage & Warehouse Co., Inc. in release of its obligations on the joint and several note of that Company and yourself now held by me, the unpaid balance of which amounted, as of this day, to $98,875.71 I have credited against the account securities pledged as follows: 30 shs. Manufacturers Trust 1,110.00
40 shs. Utah-Apex Mining Co.
80.00
100 shs. Irving Trust
937.50
44 shs. Sparta Foundry
315.00
(1 1/2 SF - 1 Muskegon Piston)
925 shs. Enterprise Brwg. Com.
9,250.00
185 shs. do Pfd.
9,250.00
$9,250.00 do 5%
9,250.00
203 shs. Std. Oil of N. J.
10,327.25
25 SHS. Wiggin Term. Pfd.
225.00
25 shs. do Common
25.00
55,000.00 U.S. of Brazil 6 1/2's
462.50
in amount of
$41,232.25
your note payable to O. C. Stge. & Whse. Co. Inc.
32,655.57
leaving a balance due from you on the above note plus interest
24,987.89
$98,875.71
Now, your obligations to me partially secured, are as follows: Note ( 2/ 6/36) in amount of $32,655.57
Note ( 5/28/37) in amount of $23,150.00
Note (11/30/29) in amount of $15,000.00
Note (12/31/35) in amount of $24,987.89
$95,793.46
*421 I have this day taken and applied against said obligations the securities originally pledged by you personally on the joint and several note, securities and amounts as follows: 100 shs. Chase Nat'l
$ 3,000.00
500 shs. Caldwell Rum.
500.00
1091 shs. Enterprise Brwg. Com.
10,910.00
218 shs. do Pfd.
10,900.00
$11,660.00 do 5% Deb.
11,660.00
36,970.00
leaving a balance due me of
58,823.46
I am applying the foregoing amount of $36,970.00 by cancelling your personal obligation on the balance of $24,987.89 of the O.C.S. & W. Co., Inc. joint note and applying the difference of $11,982.11 on your note now held by me in amount of $23,150.00, leaving a balance on that note of $11,167.89. I, therefore, now hold your obligations as follows: Note: ( 2/ 6/36) in amount of
$32,655.57
Note: ( 5/28/37) in amount of
11,167.89
Note: (11/30/29) in amount of
15,000.00
58,823.46
I still hold as collateral against your obligations securities consisting of the following: $5,500.00 Demand Note, Enterprise Brewing Co. to order of A. F. Haffenreffer, dated January 19,1934 210 shs. Central States Electric 150 shs. Cities Sevice (old) 125 shs. Commonwealth & Southern Corp. *422 Option Warrants 210 shs. Consolidated Film Common 15 shs. do Pfd. 280 shs. Old Colony Stge. & Whse. Co., Inc. In order that this may (sic) completely understood between us, kindly sign the duplicate of this letter in confirmation and approval of the foregoing. Affectionately, (Signed) RUDOLF Bristol, Rhode Island
Having read the foregoing letter, I hereby confirm and approve the contents thereof: (Signed) A. F. HAFFENREFFER It is agreed that the aggregate value of the securities pledged by Storage, other than Enterprise securities and Adolf's note, was $13,482.25 and that the amount of the note held by petitioner was reduced by that amount. The agreed values of the 100 shares of Chase National Bank stock and the 500 shares of the Caldwell Rum stock pledged by Adolf totalled $3,750. The agreed vaue of the Enterprise 5% debenture bonds in liquidation was par. In addition to his joint and several obligations above set forth, prior to the transactions designated, Adolf was personally indebted to the petitioner by reason of a demand note for $23,150 dated May 28, 1937, and demand note for $15,000 dated November 30, 1929. After the transactions Adolf was indebted to the petitioner *423 as follows: Note of February 6, 1936
$32,655.57
Note of May 28, 1937
11,167.89
Note of November 30, 1929
15,000.00
Total
$58,823.46
The collateral then held by the petitioner securing the payment of the sum of $58,823.46 was as follows: $5,500.00 Demand note, Enterprise Brewing Co. to order of A. F. Haffenreffer dated January 19, 1934 210 shares Central States Electric 150 shares Cities Service (old) 125 shares Commonwealth & Southern Corp. Option Warrants 200 shares Consolidated Film Common 15 shares Consolidated Film Pfd. 280 shares Old Colony Storage & Whse. Co., Inc. Blanket Mortgage on real estate located in Fall River - Value $5,000 Blanket Mortgage on real estate located in Little Compton, Rhode Island - Value $6,000 The value of these securities was $17,721.10. The assessed values of certain capital assets of Enterprise on January 1st of the years specified were as follows: 1935
1936
1937
1938
1939
Land
$ 26,600
$ 26,600
$ 29,750
$ 29,750
$ 29,750
Buildings
102,950
137,950
137,950
132,950
132,950
Machinery & Equipment
60,000
60,000
72,500
68,000
100,640
Valuations of the Machinery and Equipment after 1935 are by *424 the Commonwealth of Massachusetts. The fire insurance carried on the building machinery equipment and stock of Enterprise was in the following amounts: May 1, 1934 to May 1, 1937
$580,000
May 1, 1937 to May 1, 1940
600,000
May 1, 1940 to May 1, 1943
600,000
The book value of the debentures and preferred stock of Enterprise on December 30, 1938, was their face value and the book value of its common stock on that date was not less than $101.76 per share. The following represents the "ageing" of customers' notes and accounts receivable owned by Enterprise as of December 31, 1938. Notes (Demand) over one year old
$ 13,200.04
Notes (Demand) under one year
780.20
Accounts realized to 1-18-39
30,763.73
Accounts 90 days and under
60,017.99
Accounts 3-6 months old
15,720.67
Accounts 6-9 months old
1,033.54
Accounts 9-12 months old
690.40
Accounts over one year old
48,834.45
$171,041.02
The transaction by which petitioner took over the collateral pledged on the joint and several note was not a "public aution" or sale "at Broker's Board". The record discloses the following additional facts: Adolf F. Haffenreffer was more or less intimately associated with *425 his brother Rudolf in the brewery business (except during Prohibition) during a large part of his life. In their own books Storage and Adolf each showed one-half of the liability of $125,000 and the reduction thereof on account of the sales of their collateral. Prior to December 30, 1938, collateral pledged by Storage was sold for $19,423.17 and collateral pledged by Adolf was sold for $6,701.12. Both amount were applied to the reduction of their $125,000 joint and several note. The 1,091 shares of Enterprise common stock pledged by Adolf were not transferred to the petitioner on the books of Enterprise because Adolf was still manager and treasurer of the company and did not want the other stockholders to feel that he was "letting them down". On June 9, 1936, February 8, 1937, and June 15, 1938, the petitioner sent letters to his brother Adolf requesting additional security or a curtailment of Adolf's obligations to him. In the letter of June 15, 1938, he demanded immediate action and wrote: Of course, you realize that since Enterprise Brewing Company is NOT paying dividends, in my opinion $5.00 or $10.00 per share would be a fair valuation of the common stock, as I believe it would *426 be most difficult for you to obtain even offer for that amount if you were to put your block of stock on the market - particularly where there are other obligations - such as the preferred stock, debentures, mortgages, notes payable, etc., etc. On December 31, 1938, Adolf owed $6,000 or $7,000 to creditors other than his brother and owned personal property worth about $1,600. His salary was $15,000 per year. He owed the petitioner $58,823.46, secured by collateral of an agreed value of $17,721.10. The balance sheet of Enterprise on December 31, 1938, is as follows: Balance Sheet Enterprise Brewing Company - Fall River, Mass.
December 31, 1938 ASSETS
CURRENT
CASH
On Deposit
$ 3,029.61
On Hand for Deposit
2,431.57
On Hand - Cash Funds
150.00
$ 5,611.18
NOTES RECEIVABLE
Customer
13,980.24
ACCOUNTS RECEIVABLE - CUSTOMERS
Merchandise
$145,240.78
Containers
11,820.00
157,060.78
171,041.02
LESS: Reserve for Doubtful
45,000.00
126,041.02
INVENTORIES - COST
Finished Beer
50,856.40
Brewing Materials and Supplies
14,549.21
Bottling Supplies
7,967.57
73,373.18
CASH VALUE OF LIFE INSURANCE
15,342.38
TOTAL CURRENT ASSETS
$220,367.76
OTHER ASSETS
Employees Note and Accounts Receivable
168.00
Creditors Debit Balances
77.08
Miscellaneous Receivables
476.57
721.65
PERMANENT ASSETS (NOTE B)
Land
30,000.00
Buildings
331,168.96
Brewing Machinery
128,551.56
Bottling Machinery
29,366.03
Can Machinery
3,200.15
Furniture and Fixtures
7,587.00
Automobiles
925.00
Yard
17,049.64
Containers
81,031.39
598,879.73
LESS: Reserve for Depreciation
228,600.52
370,279.21
400,279.21
GOODWILL
15,000.00
DEFERRED CHARGES
Unexpired Insurance
2,662.58
Federal Revenue Stamps
822.50
Licenses Prepaid
4,134.67
Supplies and Expense
2,235.08
9,854.83
646,223.45
LIABILITIES
CURRENT
NOTES PAYABLE
Bank
$ 24,000.00
Others
9,777.22
$ 33,777.22
ACCOUNTS PAYABLE
Trade Creditors
62,313.42
Customers Credit Balances
787.59
Miscellaneous
542.65
Employees Tax Contributions
192.54
63,836.20
ACCRUED ACCOUNTS
Salaries and Wages
2,883.95
Social Security Taxes
1,255.28
Interest
1,454.75
Capital Stock Tax, June 30, 1939
375.00
5,968.98
TOTAL CURRENT LIABILITIES
$103,582.40
LONG TERM INDEBTEDNESS
5% First Mortgage on Real Estate, Machinery and Equipment,
maturing in equal semi-annual installments to December 15,
1940 (Note B)
30,000.00
5% Ten Year Conditional Income Debentures, due December 15,
1946
39,990.00
69,990.00
CAPITAL $6 CUMULATIVE CONVERTIBLE PREFERRED STOCK - $100 PAR
(NOTE C)
Authorized
122,000.00
LESS: Unissued
56,300.00
65,700.00
COMMON STOCK WITHOUT PAR VALUE
5,220 Shares Authorized
1,220 Shares Reserved for Preferred Stock Conversion
4,000 Shares Issued and Outstanding
400,000.00
465,700.00
*427 SURPLUS
6,951.05
472,651.05
NOTE A: At December 31, 1938 the Company was contingently liable on cus-
tomers notes receivable discounted totaling $3,050.39.
NOTE B: At December 31, 1938 the Company's real estate, machinery and
equipment were pledged as security for a 5% first mortgage of
$30,000.00.
NOTE C: At December 31, 1938 preferred dividends were in arrears in the
amount of $3,942.00, or two semi-annual dividends, thereby vesting
in preferred stock the sole and exclusive voting power.
$646,223.45
The profits of Enterprise for the years 1933, 1934 and 1935 were approximately $7,000, $59,000 and $40,000, respectively. The income of Enterprise was reported in its income tax returns for the years 1936, 1937 and 1938 as $4,459.51, $132.48 and minus $22,143.06, respectively. The decrease in Enterprise's income was due in part to ruinous competition arising from the sharp increase in brewery construction following the repeal of the Prohibition laws. Its plant was not sufficiently capitalized to enable it to compete on an advertising basis with breweries selling the lower priced products which recurrently flooded the market. On December 31, 1938, Enterprise was in *428 a serious position due to lack of working capital. It had not set up a sufficient reserve for bad debts for the five years prior to December 31, 1938. The amount of such reserve undercharged was $45,000, subsequently increased to $60,000. The fair market value of the common stock of Enterprise on December 31, 1938, was $12 per share; fair market value of its preferred stock was $60 per share; and the fair market value of the debentures was par. The note for $32,655.57 executed by Adolf to Storage and pledged as collateral security for the $125,000 note given to Products and owned by the petitioner through the liquidation of Products had a value on December 30, 1938 of $9,837.79. Opinion VAN FOSSAN, Judge: The sigle issue is the petitioner's liability as transferee of assets of Storage for the taxes owed by that corporation. In 1935 Products, the petitioner's predecessor in interest, sold to Storage and Adolf its shares of Enterprise stock for $125,000 and received in payment the joint and several note of Storage and Adolf for that amount, secured by various stocks pledged as collateral. In 1936 petitioner acquired the note through the liquidation of Products. Some collateral was *429 sold, the profits being applied to the reduction of the note, and additional collateral was pledged, so that on December 30, 1938, the unpaid balance of the note was $98,875.71. The petitioner then held as collateral security furnished by Storage, certain stocks and bonds of the stipulated value of $13,482.25, $9,250 face value of Enterprise debentures, 185 shares of Enterprise preferred stock, 925 shares of Enterprise common stock, and the $32,655.57 note of Adolf payable to Storage. He also held as collateral, stocks pledged by Adolf of the stipulated value of $3,750, $11,660 face value of Enterprise's debentures, 218 shares of Enterprise preferred stock and 1,091 shares of Enterprise common stock. The key to the factual problem here involved in the answer to the question: What were the fair market value of Enterprise's debentures, preferred stock and common stock, and of Adolf's note for $32,655.57? If these values, when ascertained, aggregate less than liability of Storage to the petitioner on the $125,000 note ($98,875.71 on December 30, 1938) then the securities merely wiped out pro tanto such debt and the petitioner is not liable as the transferee of Storage's assets. *430 If the value exceeds such liability, petitioner is liable as a transferee in such amount. On December 30, 1938, the collateral held by petitioner on the note was as follows: Various securities of an agreed value of $17,232.25; a total of $20,910 (face value) income debentures; 403 shares of Enterprise preferred; 2,016 shares of Enterprise common; and the note of Adolf for $32,655.57. We have found the fair market value on the basic date of the debentures was par, or $20,910; the value of the preferred stock was $60 per share, or $24,180; and of the common stock $12 per share, or $24,192. We have likewise found that the value of Adolf's note for $32,655.57 was $9,837.79. This last figure is the result of our conclusion that the note had a value at least equal to its pro rata share of the collateral standing behind Adolf's debt to petitioner. It was stipulated that the collateral "held by petitioner securing the payment of the sum of $58,823.46" (which included the note in question) had a value of $17,721.10. The computation ($32,655.57 / $58,823.46 $17X,721.10 = $9,837.79) gives us the value of Adolf's note. Aggregating the above, we find and determine the total value of the securities *431 held by petitioner against the balance of $98,875.71 due on the original note was $96,352.04. It follows that no liability as a transferee arose. The above treatment and the resultant outcome make unnecessary the discussion of the arguments advanced by the parties as to the source and priority of application of collateral and similar theories. Decision of no transferee liability will be entered.